# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DEAN B. VALLEJO-PACHECO**
**United States Army, Appellant**

ARMY 20120450

Headquarters, I Corps
David L. Conn, Military Judge (arraignment)
Kwasi Hawks, Military Judge (trial)
Colonel Kurt A. Didier, Staff Judge Advocate (pretrial)
Lieutenant Colonel John T. Rothwell, Acting Staff Judge Advocate
(recommendation)
Colonel William R. Martin, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

27 February 2014

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of larceny of property of a value more than $500 (two specifications), forgery (two specifications), and communication of a threat, in violation of Articles 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923, 934 [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for twenty-eight months. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for the bad-conduct discharge and confinement for thirteen months. The accused was properly credited with 155 days against his sentence to confinement.

VALLEJO-PACHECO—ARMY 20120450

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, both of which merit discussion and relief. Those errors are the lack of legal efficacy of a forged U.S. Army Leave and Earnings Statement (LES) and dilatory post-trial processing. The matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) are without merit.

## DISCUSSION

*The Forged Leave and Earnings Statement*

In September 2010, in order to fraudulently obtain money, appellant went online and applied for a $6,000.00 loan in the name of his estranged brother, who is a civilian, from Pioneer Services Midcountry Bank. In support of that request, appellant submitted an LES, which he had falsely made. This fake LES purported to be that of appellant's brother, included his brother's social security number, and falsely identified the brother as an O-3 in the U.S. Army with a monthly pay of $8,902.30. The brother did not authorize appellant to use his name or apply for a loan on his behalf nor did appellant intend on sharing any of the ill-gotten money with his brother. For this misrepresentation, appellant was charged with forgery of the LES under Article 123, UCMJ.

During the providence inquiry concerning this forgery, the military judge inquired whether the creation of a false LES imposes legal liability on another as required by the statute. In response, the defense counsel replied:

> I would say the 'but for' test would be applicable here; but for [appellant] providing those supporting documents, the loan never would have been accepted . . . . In order for this loan to go through, I've got to create the supporting documentation in order to provide to Pioneer Services in this case, so that they fully buy off on the fact that this is legit.

Appellant, the government, and the military judge all concurred in this analysis, appellant's plea was accepted, and he was convicted of this specification. Appellant now complains that the forged LES did not have the required legal efficacy and therefore was not the proper subject of forgery under Article 123, UCMJ. The government concedes this point, and we accept the concession.

Forgery under Article 123, UCMJ, requires a false "writing which would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice." UCMJ art. 123. However, "[t]he mere making of a false signature or other entry on a document is not, in itself, sufficient to constitute forgery; the apparent nature of the document is critical." *United States v. Thomas*,

2

25 MJ 396, 398 (C.M.A. 1988). This case is similar to the facts in *Thomas*. *Id*. In that case, in an attempt to obtain a loan, the accused forged a credit reference form known as a "Commanding Officer's Letter." *Id*. at 397. Our superior court found that the forged supporting document, which the lender was free to completely ignore if it so chose, did not, "by itself or in conjunction with anything else, purport" to establish any entitlement or assert any obligation or duty. *Id*. at 402. We find the fabricated LES here to be analogous to the fabricated letter of reference in Thomas. Accordingly, we will dismiss the forgery offense charged in Specification 2 of Charge II.

## *Dilatory Post-Trial Processing*

Appellant asserts relief is warranted because it took 288 days, 245 of them attributable to the government, from trial to convening authority action in a case with only a ninety-seven page record of trial. While certainly each stage along the way of the post-trial process is important and the circumstances are viewed in their totality, in this case, our concern is focused on one particular event, the authentication of the record of trial. Transcription of the record was completed on 16 August 2012. Substitute authentication by the trial counsel occurred almost four months later on 5 December 2012.

Included in the record is a memorandum for record by the Senior Military Court Reporter, explaining why substitute authentication was required. Basically, the trial judge[*] was nearing retirement so arrangements were made and agreed upon for him to receive and authenticate records in a timely fashion. Those arrangements resulted in profound failure.

Between 21 July 2012 and 27 November 2012, numerous records of trial, to include appellant's, were sent to this military judge. The military judge was "texted, called, and emailed on numerous times about completion of his reviews of these records of trial all without results." Additionally, the Chief Circuit Judge communicated with the military judge regarding this issue, yet no records of trial were authenticated as of 27 November 2012. The military judge retired, was unavailable, and this record was accordingly authenticated by the trial counsel, albeit belatedly. We find that tolerating the specific post-trial processing found in this case "would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Therefore, we will grant relief.

---

[*] As distinguished from the military judge who presided over arraignment.

**CONCLUSION**

On consideration of the entire record and the assigned errors, the finding of guilty of Specification 2 of Charge II is set aside and that Specification is dismissed. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

First, appellant remains convicted of the larceny which was ultimately accomplished by means of the forgery now set aside. So, appellant's convictions still capture the gravamen of his originally charged misconduct, and the circumstances surrounding appellant's forgery remain admissible with respect to the remaining offense. Second, appellant pleaded guilty in a judge-alone court-martial. Finally, appellant benefitted from a relatively favorable pretrial agreement and its corresponding sentence limitation.

Accordingly, we AFFIRM only so much of the sentence as provides for a bad-conduct discharge and confinement for eleven months. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge COOK and Judge CAMPANELLA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court